IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 09-cv-00918-ZLW-MJW

CHRISTINE GRANT,

    Plaintiff,

v.

JOHN E. POTTER, Postmaster General,
UNITED STATES POSTAL SERVICE,

    Defendant.
_____

AMENDED ORDER OF DISMISSAL
_____

The matter before the Court is Defendant's Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. No. 12; July 21, 2009).  The Court has determined that the motion can be resolved on the parties' briefing and that no oral argument is necessary.

Plaintiff was terminated by Defendant from her position as a level EAS-21 Customer Service Manager on January 26, 2007.[1]  On January 29, 2007, Plaintiff appealed her termination by filing a complaint with the Merit Systems Protection Board (MSPB).[2]  Plaintiff's MSPB appeal was based solely on perceived factual errors used

---

[1] Compl. (Doc. No. 1; Apr. 21, 2009) at 1.

[2] Def.'s Mot. To Dismiss Pl.'s Compl. Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. No. 12; July 21, 2009), Ex. A-1 at 6.

by Defendant to justify the termination.[3] The appeal did not assert discrimination as a reason for the termination.[4] Additionally, the MSPB appeal did not mention retaliation.[5] The appeal was denied by the MSPB and Plaintiff did not judicially appeal this decision.

Plaintiff subsequently filed this Title VII action alleging she was subject to discrimination and retaliation based on her sex when she was terminated from her employment with Defendant.[6] Defendant asks the Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction alleging that Plaintiff failed to exhaust her administrative remedies.

Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end.[7] It is Plaintiff's burden to establish this Court's subject matter jurisdiction over her claims.[8] When analyzing a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1), "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. . . . A court has wide discretion to allow

---

[3] *See, e.g.*, Id., Ex. A-1 at 37 ("The case is based on a she said she said.").

[4] Id. , Ex. A-1 at 11 (During a prehearing conference in the MSBP appeal, the plaintiff "confirmed that she was not asserting any affirmative defenses.").

[5] Id.

[6] Compl. at ¶¶ 8-12.

[7] *In re* Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004).

[8] Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).

Case 1:09-cv-00918-ZLW-MJW   Document 29   Filed 10/21/09   USDC Colorado   Page 3 of 4

affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[9]

A federal employee must raise in the MSPB appeal all claims of "discrimination and [must] present evidence in support of those claims in order to exhaust the administrative remedy."[10]  A federal employee is "required to exhaust applicable administrative remedies prior to seeking judicial review."[11]

Plaintiff elected to file her challenge to the adverse employment action by appealing directly to the MSPB.[12]  This constituted a binding decision to bring any issues related to the employment decision in that forum.[13]  Since neither discrimination nor retaliation was raised in the MSPB appeal, Plaintiff's administrative remedies as to these claims have not been exhausted and this Court lacks subject matter jurisdiction to hear the present case.[14]  Accordingly it is

---

[9] Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

[10] Coffman v. Glickman, 328 F.3d 619, 624 (10th Cir. 2003) (*citing* McAdams v. Reno, 64 F.3d 1137, 1142-44 (8th Cir. 1995); Williams v. Rice, 983 F.2d 177, 180 (10th Cir. 1993); and Chaney v. Rubin, 986 F.Supp. 516, 522 (N.D.Ill. 1997)).

[11] Coffman, 328 F.3d at 624.  "Exhaustion of administrative remedies is a 'jurisdictional pre-requisite' to suit under Title VII." Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996); Sizova v. Nat'l Inst. Of Standards & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002).

[12] 5 U.S.C. § 7702(a); 29 C.F.R. § 1614.302; 5 C.F.R. §§ 1201.151-1201.157.

[13] 29 C.F.R. § 1614.302(b).

[14] *See* Casimier v. United States Postal Service, 142 Fed.Appx. 201, 204 (5th Cir. 2005) (*citing* 5 §§ C.F.R. 1201.24 and 1201.153) ("In failing to raise the issue of discrimination in his MSPB appeal, [the plaintiff] waived his right to challenge his termination based on discrimination.").

ORDERED that Defendant's Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. No. 12; July 21, 2009) is granted.  It is

FURTHER ORDERED that Defendant's Motion For Summary Judgment (Doc. No. 13; July 21, 2009) is denied as moot.  It is

FURTHER ORDERED that the case and cause of action is dismissed without prejudice, the parties to pay their own costs.

DATED at Denver, Colorado, this 21st day of October, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court